USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/10/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF YORK

IN RE: ELIQUIS (APIXABAN)
PRODUCTS LIABILITY LITIGATION

This Document Relates to: ALL ACTIONS

1:17-MD-2754 (DLC)
and all member and related cases

Judge Denise Cote

[PROPOSED]
CASE MANAGEMENT ORDER #1

### I. Scope of Order

**A. Order Applicable to All Cases and MDL Proceedings**

This order shall apply to all cases currently pending in *In Re: Eliquis (Apixaban) Products Liability Litigation*, MDL No. 2754, and to all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assign thereto (collectively, "the MDL proceedings"). This order is binding on all parties and their counsel in all cases currently pending or subsequently made part of the MDL proceedings.

### II. Plaintiffs' Leadership Counsel Appointments

**A. Organization of Plaintiffs' Counsel**

    1. *Plaintiffs' Co-Lead Counsel.*

Michael A. London
Douglas & London, P.C.
59 Maiden Lane, 6th Floor
New York, NY 10038
Ph: 212-566-7500
Fax: 212-566-7501
Email: mlondon@douglasandlondon.com

Seth A. Katz
Burg Simpson Eldredge Hersh &
Jardine, P.C.
40 Inverness Drive East
Englewood, CO 80112
Ph: 303-792-5595
Fax: 303-708-0527
Email: SKatz@burgsimpson.com

2. *Plaintiffs' Executive Committee:*

Lisa Causey-Streete, Esq.
Salim-Beasley, L.L.C.
1901 Texas Street
Natchitoches, LA 71457
Ph: (318) 238-1826
Fax: (318) 354-1227
Email: lcausey@salim-beasley.com

Ned McWilliams
Levin Papantonio Thomas Mitchell
Rafferty Proctor, P.A.
316 South Baylen Street
Pensacola, FL 32502
Ph: 850-435-7138
Fax: 850-436-6182
Email: nmcwilliams@levinlaw.com

3. *Plaintiffs' Co-Liaison Counsel.*

Hunter Shkolnik*
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Ph: 212-397-1000
Fax: 646-843-7619
Email: Hunter@NapoliLaw.com

Virginia E. Anello
Douglas & London, P.C.
59 Maiden Lane, 6th Floor
New York, NY 10038
Ph: 212-566-7500
Fax: 212-566-7501
Email: vanello@douglasandlondon.com

*Mr. Shkolnik also serves as a member of the Plaintiffs' Executive Committee.

4. *Plaintiffs' Steering Committee ("PSC")*

Robert J. Binstock
Reich & Binstock
4265 San Felipe St Suite 1000
Houston, TX 77027
Ph: 713-622-7271
Fax: 713-623-8724
Email: bbinstock@rbfirm.net

Alexandra V. Boone
Miller Weisbrod, LLP
11551 Forest Central Drive, Suite 300
Dallas, TX 75243
Ph: 214-987-0005
Fax: 214-987-2545
Email: ABoone@MillerWeisbrod.com

Lawrence J. Centola, III
Martzell, Bickford & Centola
338 Lafayette St
New Orleans, LA 70130
Ph: 504-581-9065
Fax: 504-581-7635
Email: lcentola@mbfirm.com

Melissa Debarbiers
Bruno & Bruno
855 Baronne St # 2
New Orleans, LA 70113
Ph: 504-525-1335
Fax: 504-561-6775
Email: melissa@brunobrunolaw.com

James Dugan
Dugan Law Firm
One Canal Place – Suite 1000
365 Canal Street
New Orleans, LA 70130
Ph: 504-648-0180
Fax: 504-649-0181
Email: jdugan@dugan-lawfirm.com

Rachel A. Harris
Schlichter, Bogard & Denton, LLP
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
Ph: 314-621-6115
Fax: 314-621-1365
Email: rharris@uselaws.com

D. Todd Mathews
Gori Julian & Associates
156 N Main St
Edwardsville, IL 62025
Ph: 618-307-4085
Fax: 618-659-9834
Email: todd@gorijulianlaw.com

Wendy Fleischman
Lieff, Cabraser, Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Ph: 212-355-9500 ext. 6619
Fax: 212-355-9592
Email: wfleishman@lchb.com

Kevin J. Madonna, Esq.
Kennedy & Madonna, LLP
48 Dewitt Mills Rd
Hurley, NY 12443
Ph: 845-481-2622
Fax: 845-230-3111
Email: kmadonna@kennedymadonna.com

Shannon Pennock
Pennock Law Firm
411 Lafayette Street, Floor 6
New York, NY 10003-7035
Ph: 212-967-4213
Fax: 929-235-7273
Email: shannonpennock@pennocklawfirm.com

5. **Designations, Future Changes in PSC Structure and Re-application.** These designations are of a personal nature. Accordingly, this Court looks to these counsel to undertake personal responsibility to perform the designated functions and reserves the discretion to replace them on either their own request or this Court's own motion, should they become unable or unwilling to do so, or should such other circumstances arise that warrant same. This Court may amend or expand the PSC upon request of the PSC or on its own motion, if and as circumstances warrant. These designations are for a one year period only and expire one year from the date of this Order. Plaintiffs' attorneys desiring to continue their appointment after this one year period must re-apply to the Court by no later than April 6, 2017.

3

6. *Duties of Co-Lead Counsel and the PEC.* It shall be the responsibility of Co-Lead Counsel and the PEC to coordinate the responsibilities of the PSC, schedule PSC meetings, keep minutes or transcripts of these meetings, appear at periodic court noticed status conferences, to sign and file pleadings related to all actions, bind the PSC in scheduling depositions, setting agendas, entering into stipulations, and in other necessary interactions with defense counsel, and perform other necessary administrative or logistic functions to ensure the functions of the PSC are conducted in an efficient and professional manner or any other duty as the Court may order. Co-Lead Counsel and the PEC's duties include coordinating the efforts of the PSC in conducting the litigation on behalf of Plaintiffs in the MDL proceedings, including but not limited to the following:

**Discovery**

a. Initiate, coordinate, and conduct all pretrial discovery on behalf of all Plaintiffs who file civil actions in this Court or that are transferred to this Court pursuant to 28 U.S.C. § 1407 and which are consolidated with this multi district litigation and are part of the MDL proceeding

b. Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all Plaintiffs.

c. Initiate, coordinate, and cause to be issued in the name of all Plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial discovery of relevant issues found in the pleadings of this litigation. Similar requests, notices, and subpoenas may be caused to be issued by the PSC upon written request by the individual attorney in order to assist him/her in preparation of the pretrial stages of his/her client's particular claims.

d. Conduct all discovery in a coordinated and consolidated manner on behalf of and for the benefit of all Plaintiffs with the assistance from the PSC.

### Motion Practice and Hearings

a. Call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court. Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings.

b. Submit and argue or designate other counsel to argue any motions presented to the Court or Magistrate Judge on behalf of all Plaintiffs as well as oppose when necessary any motions submitted by the Defendant or third parties.

c. Examine or designate other counsel to examine witnesses and introduce evidence at hearings on behalf of Plaintiffs.

d. Act or designate other counsel to act as spokesperson(s) for Plaintiffs at pretrial proceedings and in response to any inquiries by the Court.

### Contact with Defense Counsel

a. Initiate, coordinate and conduct (or designate others to do so) the requisite meet and confers with Defendant, confer with Defendant regarding procedural matters, and negotiate and enter into stipulations with Defendant regarding this litigation.

b. Explore or designate other counsel to explore, develop, and pursue settlement options with Defendant on behalf of Plaintiffs.

### Oversight of the PSC

a. Call meetings of counsel for Plaintiffs for any appropriate purpose.

b. Perform any task necessary and proper for the PSC to accomplish its responsibilities as defined by the Court's orders, including organizing sub-committees comprised of plaintiffs' attorneys not on the PSC and assigning them tasks consistent with the duties of the PSC.

c. Monitor the activities of the PSC and other co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided.

**Miscellaneous**

a. Maintain adequate files of all pretrial matters, including establishing and maintaining a document or exhibit depository, in either real or virtual format, and having those documents available, under reasonable terms and conditions, for examination by all Plaintiffs or their attorneys in the MDL proceedings.

b. Provide periodic reports to non-PSC plaintiffs' counsel concerning the status of the litigation on no less than a quarterly basis.

c. Perform such other functions as may be expressly authorized by further orders of the Court.

7. **_Communications with the Court:_** All communications from Plaintiffs with the Court should be through Co-Lead Counsel or Co-Liaison Counsel. If circumstances require direct correspondence with the Court by an individual counsel, copies of any such communications shall simultaneously be served upon Plaintiffs' Co-Lead Counsel and Co-Liaison Counsel.

8. **_Duties of Plaintiffs' Co-Liaison Counsel:_** The responsibilities of Plaintiffs' Co-Liaison Counsel shall be the following on behalf of all Plaintiffs in the MDL proceedings:

a. To coordinate services and filings;

b. To maintain and distribute to co-counsel and to Defendant's Counsel an up-to-date service list;

c. To receive and distribute pleadings, all Court orders, and motions, provided all counsel shall continue to receive all notices through the Court's CM/ECF system;

d. To maintain in conjunction with their accountant records of receipts and disbursements advanced by members of the PSC and received by the PSC and to report in writing to the PSC concerning disbursements and receipts;

e. To act as the treasurer for any common benefit assessments and expenses, which shall be allocated to one of the Co-Liaison counsel, not both;

  f. To maintain and make available to all Plaintiffs' counsel of record at reasonable hours a complete file of all documents served by or upon each party (except such documents as may be available at a document depository);

  g. To be available for any telephone conferences convened by the Court and to communicate the substance of any such telephone conference to all other Plaintiffs' counsel; and

  h. To carry out such other duties as the Court may Order.

  i. To provide the 3/21/17 Order and this Order to any action transferred or reassigned to this Court as part of the Elipsis Inadequate Inability Litigation within 2 days of the transfer or reassignment.

  9. The Court recognizes that cooperation by and among plaintiffs' counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege and/or the work product doctrine, if the privilege or doctrine is otherwise applicable, and all of such persons shall maintain the confidentiality of such communications. Cooperative efforts contemplated above shall in no way be used against any plaintiff by any defendant. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

  10. The Court recognizes that independent investigations have been undertaken by various plaintiffs' counsel. Certain investigative materials gathered by individual counsel in the course of their independent case investigations may constitute attorney work product. All documents and investigative materials obtained prior to the date of this Order will be shared only to the extent allowable under any applicable protective orders, only with counsel having the same interests, and only as provided under an agreement among the PEC and PSC governing the sharing of costs and expenses for obtaining and producing such investigative material and attorney work product. The PEC and PSC shall make a good faith effort to resolve the cost-sharing

7

issues relevant to any such independent investigative materials. Any challenges to claims of work product as to investigative materials will be determined by the Court.

SO ORDERED:

Dated: New York, New York
      April _10_, 2017

                                    DENISE COTE
                            United States District Judge