```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
IN RE ELIQUIS (APIXABAN) PRODUCTS       :      17md2754 (DLC)
LIABILITY LITIGATION                    :
                                        :      MEMORANDUM OPINION
This document relates to the following  :         AND ORDER
actions: 17cv8253; 17cv8270; 17cv8273;  :
17cv8275; 17cv8289; 17cv8291;           :
17cv8555; 17cv8557; 17cv8562;           :
17cv8599; 17cv8614; 17cv8624;           :
17cv8626; 17cv8629; 17cv8661;           :
17cv8664; 17cv8672; 17cv8675;           :
17cv8679; 17cv8695; 17cv8696;           :
17cv8705; 17cv8711; 17cv8713.           :
                                        :
----------------------------------------X
```

APPERANCES:

For all plaintiffs:
Lisa Causey-Streete
Robert L. Salim
Salim-Beasley, LLC
1901 Texas Street
Natchitoches, LA 71457

For Bristol-Myers Squibb Company and Pfizer Inc.:
Loren H. Brown
Cara D. Edwards
Lucas P. Przymusinski
DLA Piper LLP (US)
1251 Avenue of the Americas, 45th Floor
New York, NY 10020

DENISE COTE, District Judge:

Two previous Opinions addressed Eliquis product liability claims -- Utts v. Bristol-Myers Squibb Co. & Pfizer Inc., 16cv5668 (DLC), 2016 WL 7429449 (S.D.N.Y. Dec. 23, 2016) ("Utts I"), and Utts v. Bristol-Myers Squibb Co. & Pfizer Inc., 16cv5668 (DLC), 2017 WL 1906875 (S.D.N.Y. May 8, 2017) ("Utts

II") -- and explained the principles of preemption that govern state law failure to warn and design defect claims against brand name drug manufacturers. The Utts Opinions further addressed whether the Eliquis complaints at issue satisfied the pleading standards of Rules 8(a) and 9(b), Fed. R. Civ. P.

On May 9, 2017, the Court issued a scheduling order providing that "any future action transferred or reassigned to this Court shall have fourteen days following arrival on this Court's docket to file an amended complaint and show cause in a memorandum no longer than 20 pages why the amended complaint should not be dismissed based on the analysis in the May 8 Utts Opinion."

On July 26, 2017, the Court issued its Opinion in Fortner. See Fortner v. Bristol-Myers Squibb Co. & Pfizer, Inc., 17cv1562, 2017 WL 3193928 (S.D.N.Y. July 26, 2017) (DLC) ("Fortner"). In Fortner, the Court dismissed with prejudice a Tennessee plaintiff's complaint, after she was given an opportunity to amend her complaint, pursuant to the preemption analyses in the Utts Opinions. The complaint was also dismissed on independent grounds because the warning in the Eliquis label is adequate as a matter of Tennessee law. Whereas the Utts II analysis of warning adequacy applied California law, the Court in Fortner found that Tennessee law "does not materially differ" from California law with respect to the adequacy of drug

2

warnings and thus "the analysis performed in Utts II to assess the adequacy of the Eliquis label [was] equally applicable". Fortner, 2017 WL 3193928, at *4.

The Court has since dismissed multiple comaplints for the reasons given in Fortner, holding that the plaintiffs' failure to warn and design defect claims are preempted. The Court also independently dismissed many of those cases finding that, under the appropriate state law standard, the warnings in the Eliquis label are adequate as a matter of law with respect to the risks at issue in this litigation. See Ray v. Bristol-Myers Squibb Co. & Pfizer, Inc., 17cv1218 (DLC) (Kentucky); Bates v. Bristol-Myers Squibb Co. & Pfizer, Inc., 17cv1237 (DLC) (Illinois); Orr v. Bristol-Myers Squibb Co. & Pfizer, Inc., 17cv1288 (DLC) (Texas); Baranski v. Bristol-Myers Squibb Co. & Pfizer, Inc., 17cv1298 (DLC) (Pennsylvania); Segovia v. Bristol-Myers Squibb Co. & Pfizer, Inc., 17cv1560 (DLC) (Hawaii); Gipson v. Bristol-Myers Squibb Co. & Pfizer, Inc., 17cv2063 (DLC) (Oklahoma). Only in the case of Louisiana law did the Court decline to resolve on a motion to dismiss whether the label's warning was adequate as a matter of law. See Williams v. Bristol-Myers Squibb Co. & Pfizer, Inc., 17cv1286 (DLC) (holding that, even without resolving the Louisiana law question, the Louisiana plaintiffs' claims were nevertheless preempted and therefore dismissed with prejudice).

3

The above-captioned cases arrived on this Court's docket between October 26 and November 9. The cases were initially filed in Delaware Superior Court. They were promptly removed to the District of Delaware. The cases were then transferred to this Court. The plaintiffs filed timely show cause memoranda arguing two principal points.

First, plaintiffs argue that the Utts analyses are inapplicable because Utts II analyzed material not included by reference in the pleadings currently before the Court. Second, plaintiffs assert that the applicable law in each case differs substantially from California law, and thus the Utts analysis with respect to the adequacy of the warnings in Eliquis' labels does not apply.[1] The plaintiffs, without explanation, urge that their cases not be dismissed but should instead be remanded to the District of Delaware. The plaintiffs' arguments are unavailing.

The claims in the above-captioned actions must be dismissed as preempted. The plaintiffs "cannot escape Utts II's preemption analysis by masking the basis" for their claims. Fortner, 2017 WL 3193928, at *3. Even without reference to the

---

[1] The plaintiffs argue that fourteen different state laws are implicated by the respective claims: Alabama, Arizona, California, Idaho, Illinois, Kentucky, Louisiana, Missouri, New Jersey, North Carolina, Ohio, Tennessee, Virginia, and West Virginia.

4

documents on which the amended complaint in Utts relied, the complaints "simply do[] not provide sufficient factual content to support a plausible inference that there exists newly acquired information such that the defendants could unilaterally have changed the Eliquis label to include additional warnings." Id.

Nor do plaintiffs provide any analysis with respect to the independent ground for dismissal of their actions: the adequacy of the labels under the relevant state law. Previous opinions already addressed four of the states' laws implicated by the complaints at issue here, and the plaintiffs do not explain why those opinions were in error or how any of the other states' laws would alter the outcome of an adequacy analysis. Although the plaintiffs assert that the applicable law in each case differs from California law, the plaintiffs also assert in a chart attached in their memorandum that California law applies to one case. See 17md2754 (DLC), Dkt. No. 152-1, Appx. of Cases (17cv6582 (DLC)). Indeed, the plaintiffs do not even cite the statutes or case law that pertain to the adequacy of a label's warnings for any jurisdiction. In the absence of citation to any authority, it is unnecessary to address their argument further. Therefore, with the exception of the five cases filed

5

by plaintiffs who are Louisiana residents[2], each of these actions is also dismissed on the ground that the Eliquis label's warnings regarding the risks at issue here were adequate as a matter of law.

Finally, the plaintiffs do not explain a basis for a remand to the District of Delaware. Accordingly, it is hereby

ORDERED that the motions to remand in the above-captioned cases are denied.

IT IS FURTHER ORDERED that the above-captioned cases are dismissed with prejudice.

IT IS FURTHER ORDERED that the Clerk of Court shall close the above-captioned cases.

Dated: New York, New York
November 29, 2017

DENISE COTE
United States District Judge

---

[2] 17cv8270 (DLC); 17cv8273 (DLC); 17cv8289 (DLC); 17cv8626 (DLC); 17cv8696 (DLC).