```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
IN RE ELIQUIS (APIXABAN) PRODUCTS       :         17md2754 (DLC)
LIABILITY LITIGATION                    :
                                        :         MEMORANDUM OPINION
This document relates to the following  :            AND ORDER
actions: 18cv00700; 18cv00703;          :
18cv00704; 18cv00718; 18cv00720;        :
18cv00723; 18cv00727; 18cv00752;        :
18cv00753; 18cv00758; 18cv00760;        :
18cv00762; 18cv00775; 18cv00777;        :
18cv00778; 18cv00817; 18cv00827;        :
18cv00829; 18cv00899; 18cv00906;        :
18cv00910; 18cv00911; 18cv00984;        :
18cv00985; 18cv00995; 18cv00998;        :
18cv01015; 18cv01016; 18cv01017;        :
18cv01040; 18cv01049; 18cv01068;        :
18cv01071; 18cv01073; 18cv01084;        :
18cv01087; 18cv01089; 18cv01090;        :
18cv01091; 18cv01242; 18cv01244;        :
18cv01247; 18cv01253; 18cv01255;        :
18cv01257; 18cv01267; 18cv01270;        :
18cv01271; 18cv01272; 18cv01295;        :
18cv01296; 18cv01304; 18cv01306;        :
18cv01307; 18cv01310; 18cv01323;        :
18cv01325; 18cv01329; 18cv01350;        :
18cv01394; 18cv01399; 18cv01401;        :
18cv01402; 18cv01406; 18cv01407;        :
18cv01423; 18cv01426; 18cv01495;        :
18cv01496; 18cv01502; 18cv01505;        :
18cv01514; 18cv01523; 18cv01671.        :
                                        :
----------------------------------------X
```

APPEARANCES

For the plaintiffs:
Lisa Causey-Streete
Robert L. Salim
Salim-Beasley, LLC
1901 Texas Street
Natchitoches, LA 71457

For the defendants:
Loren H. Brown
Cara D. Edwards
Luca P. Przymusinski
DLA Piper LLP
1251 Avenue of the Americas, 27th Floor
New York, NY 10020

DENISE COTE, District Judge:

On March 21, 2017, the Court issued a scheduling order providing that "any action presently assigned to this Court . . . may file an amended complaint fourteen (14) days after the Court decides the motion to dismiss" in Utts v. Bristol-Myers Squibb Co. et al., 16cv5668 (DLC) ("Utts II"). The March 21 Order further provided that "any action transferred or reassigned to this Court after the Utts motion to dismiss has been decided shall have fourteen (14) days following arrival on this Court's docket to file an amended complaint."

On May 8, the Court issued its Opinion in Utts. See Utts v. Bristol-Myers Squibb Co. et al., 16cv5668 (DLC), 2017 WL 1906875 (S.D.N.Y. May 8, 2017) ("Utts II Opinion"). In accordance with the March 21 Order, the Court issued a scheduling order on May 9 providing that "any future action transferred or reassigned to this Court shall have fourteen days following arrival on this Court's docket to file an amended complaint and show cause in a memorandum no longer than 20 pages why the amended complaint should not be dismissed based on the analysis in the May 8 Utts Opinion."

The above-captioned cases arrived on this Court's docket between January 26 and February 23, 2008. The cases were initially filed in Delaware Superior Court, although none of the plainitiffs reside in Delaware. They were promptly removed to the District of Delaware. The cases were then transferred to this Court. The plaintiffs filed a motion to remand in many, but not all, of the above-captioned cases.[1] Where motions were filed, the cases were transferred to this Court before the District of Delaware ruled on those motions. The plaintiffs filed a show cause memorandum on February 9, arguing that remand in the above-captioned cases is warranted and that, in the alternative, the cases should not be dismissed because the Court's prior opinions are inapplicable. The defendants responded on February 23.

I. Motions to Remand

In an October 12 Opinion, the Court denied remand motions in four cases and dismissed the cases with prejudice. See Cheung v. Bristol-Myers Squibb Co. et al., 17cv6223 (DLC), 2017

---

[1] No motions to remand were filed in the following cases:
18cv00700; 18cv00703; 18cv00704; 18cv00718; 18cv00720;
18cv00723; 18cv00727; 18cv00752; 18cv00753; 18cv00758;
18cv00760; 18cv00762; 18cv00775; 18cv00777; 18cv00778;
18cv00817; 18cv00827; 18cv00829; 18cv00899; 18cv00906;
18cv00910; 18cv00911; 18cv00984; 18cv00985; 18cv00995;
18cv00998; 18cv01015; 18cv01016; 18cv01017; 18cv01040;
18cv01049; 18cv01068; 18cv01071; 18cv01073; 18cv01084;
18cv01087; 18cv01089; 18cv01090; 18cv01091; 18cv01323;
18cv01671.

WL 4570792 ("Cheung"). The Cheung Opinion found that remand was not warranted because subject matter jurisdiction existed, based on the diversity of the parties. The Court also dismissed all four complaints with prejudice, based on the reasoning in the Utts II Opinion, and in Fortner v. Bristol-Meyers Squibb Co., 17cv1562 (DLC), 2017 WL 3193928 (S.D.N.Y. July 26, 2017) ("Fortner").

The defendants concede that they are forum defendants: they do not contest that the "forum defendant rule" exception could apply in this case if the defendants had been properly joined and served before removal. The plaintiffs urge the Court to reconsider its ruling in Cheung. The plaintiffs also allege "on information and belief" that damages in each of the above-captioned cases do not exceed $75,000. The Court declines to reconsider its ruling in Cheung and finds the amount in controversy requirement of 28 U.S.C. § 1332(a) is met.

Federal courts may exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332 where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332 (a). Where the pleadings do not establish the amount in controversy and where "jurisdictional facts are challenged, the party asserting jurisdiction must support those facts with competent proof and justify its allegations by a preponderance of the evidence." United Food Commercial Workers'

4

Union v. CenterMark Properties Meridian Square, Inc., 30 F.3d 298, 305 (2d Cir. 1994) (citation omitted). A defendant need not prove the amount in controversy to an absolute certainty. "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." Scherer v. Equitable Life Assurance Society of U.S., 347 F.3d 394, 397 (2d Cir. 2003) (citation omitted). Where the pleadings themselves are inconclusive, "the courts may look to documents outside the pleadings to other evidence in the record to determine the amount in controversy." Yong Qin Luo v. Mikel, 625 F. 3d 772, 775 (2d Cir. 2010) (citation omitted).

The plaintiffs simply state that the amount in controversy requirement is not met. The respective complaints state "[u]pon information and belief, plaintiff seeks recovery for damage in an amount less than $75,000."[2] The plaintiffs' show cause memorandum does not further expand on this statement. Notably, the plaintiffs do not stipulate to restrict their claims for damages and fees to an amount less than $75,000. Accordingly, it is unnecessary to address the impact of such a stipulation on the jurisdictional inquiry. See Morgan v. Gay, 471 F.3d 469,

---

[2] The Salim-Beasley law firm represents all plaintiffs in the above-captioned matters and each complaint contains nearly identical causes of action and alleged injuries.

5

474-75 (2d Cir. 2006) ("Even if a plaintiff states that her claims fall below the threshold, this Court must look to see if the plaintiff's actual monetary demands in the aggregate exceed the threshold, irrespective of whether the plaintiff states that the demands do not.")  But on their face, the complaints establish a reasonable probability that the claims seek damages in excess of $75,000.

This products liability MDL litigation concerns the brand name pharmaceutical Eliquis, a blood thinner used to treat nonvalvular atrial fibrillation and to reduce the risk of stroke and systemic embolism.  The injuries alleged are serious.  The complaints allege that plaintiffs suffered serious and dangerous side effects as a result of the pharmaceutical, including strokes, life-threatening gastrointestinal bleeding, and even death.  The claims alleged include strict products liability, fraudulent misrepresentation, breach of express warranty, among others.  The damages sought would address not only the alleged injuries themselves, but damages for pain and suffering, loss of income, and attorney's fees.

Moreover, the complaints filed in the above-captioned actions are nearly identical to previously filed complaints in previously dismissed actions where plaintiffs were represented by the same counsel, see Cheung, in which the plaintiffs did not state that the jurisdictional minimum would not be met.  Even

6

earlier complaints filed in this Court, before plaintiffs sought to have their claims heard elsewhere, that alleged substantially similar facts and set forth substantially similar claims, stated that the amount in controversy was met. See, e.g., Mumford v. Bristol-Myers Squibb Co. et al, 17cv1240(DLC), Dkt. No. 1.

Here, the plaintiffs have simply tacked on an additional sentence in order to attempt to avoid federal jurisdiction. Considering the injuries and claims alleged in the relevant complaints, together with the history of this multidistrict litigation, there is more than a reasonable probability that the amount in controversy in the above-captioned cases is met.

As explained in Cheung, the forum defendant rule does not prohibit removal in the above-captioned cases. The cases were properly removed to federal court because subject-matter jurisdiction exists.

II. Utts II's Applicability

Two previous Opinions addressed Eliquis product liability claims -- Utts v. Bristol-Myers Squibb Co. & Pfizer Inc., 16cv5668 (DLC), 2016 WL 7429449 (S.D.N.Y. Dec. 23, 2016) ("Utts I"), and the Utts II Opinion -- and explained the principles of preemption that govern state law failure to warn and design defect claims against brand name drug manufacturers. The Utts Opinions further addressed whether the Eliquis complaints at

issue satisfied the pleading standards of Rules 8(a) and 9(b), Fed. R. Civ. P.

In the afore-mentioned Fortner Opinion, the Court dismissed with prejudice a Tennessee plaintiff's complaint, after she was given an opportunity to amend her complaint, pursuant to the preemption analyses in the Utts Opinions. The complaint was also dismissed on independent grounds because the warning in the Eliquis label is adequate as a matter of Tennessee law. Whereas the Utts II analysis of warning adequacy applied California law, the Court in Fortner found that Tennessee law "does not materially differ" from California law with respect to the adequacy of drug warnings and thus "the analysis performed in Utts II to assess the adequacy of the Eliquis label [was] equally applicable". Fortner, 2017 WL 3193928, at *4.

The Court has since dismissed multiple complaints for the reasons given in Fortner, holding that the plaintiffs' failure to warn and design defect claims are preempted. The Court also independently dismissed many of those cases finding that, under the appropriate state law standard, the warnings in the Eliquis label are adequate as a matter of law with respect to the risks at issue in this litigation. See Ray v. Bristol-Myers Squibb Co. & Pfizer, Inc., 17cv1218 (DLC) (Kentucky); Bates v. Bristol-Myers Squibb Co. & Pfizer, Inc., 17cv1237 (DLC) (Illinois); Orr v. Bristol-Myers Squibb Co. & Pfizer, Inc., 17cv1288 (DLC)

8

(Texas); Baranski v. Bristol-Myers Squibb Co. & Pfizer, Inc., 17cv1298 (DLC) (Pennsylvania); Segovia v. Bristol-Myers Squibb Co. & Pfizer, Inc., 17cv1560 (DLC) (Hawaii); Gipson v. Bristol-Myers Squibb Co. & Pfizer, Inc., 17cv2063 (DLC) (Oklahoma). Only in the case of Louisiana law did the Court decline to resolve on a motion to dismiss whether the label's warning was adequate as a matter of law. See Williams v. Bristol-Myers Squibb Co. & Pfizer, Inc., 17cv1286 (DLC) (holding that, even without resolving the Louisiana law question, the Louisiana plaintiffs' claims were nevertheless preempted and therefore dismissed with prejudice).

The plaintiffs' show cause memorandum argues that the Utts analyses are inapplicable because Utts II analyzed material not included by reference in the pleadings currently before the Court. Plaintiffs also assert that the applicable law in each case differs substantially from California law, and thus the Utts analysis with respect to the adequacy of the warnings in Eliquis' labels does not apply. Plaintiffs in earlier cases that were dismissed by the Court made the same arguments. In re Eliquis (Apixaban) Productions Liability Litigation, 17md2754 (DLC), 2017 WL 6402919 (S.D.N.Y. Nov. 29, 2017) ("November 29 Opinion"). In the November 29 Opinion, the Court found that the plaintiffs' claims were preempted because the plaintiffs could not "escape Utts II's preemption analysis by masking the basis

9

of their claims." Id. at *2. The Court also noted that the plaintiffs did not provide any analysis with respect to dismissal of their claims under the relevant state law. Plaintiffs simply asserted that state law other than California law applied to the adequacy of a label's warnings, without citing statutes or case law that pertained to those arguments. The same is true here.

As they were in November, the plaintiffs' arguments with respect to the inapplicability of Utts II are unavailing. The plaintiffs do not address or refute the reasoning in the November 29 Opinion in their show cause memorandum. For the reasons stated in the Court's November 29 Opinion, the plaintiffs' claims must be dismissed as preempted.

CONCLUSION

The plaintiffs declined to file an amended complaint in any of the above-captioned cases. Remand is unwarranted here, and the plaintiffs have failed show cause why the complaints should not be dismissed based on the analysis in the Utts II Opinion, the Fortner Opinion, or the November 29 Opinion. Accordingly, it is hereby

ORDERED that any motions to remand in the above-captioned cases are denied.

IT IS FURTHER ORDERED that the above-captioned cases are dismissed with prejudice.

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment for the defendants and close the above-captioned cases.

Dated: New York, New York
March 19, 2018

_____
DENISE COTE
United States District Judge