```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
IN RE ELIQUIS (APIXABAN) PRODUCTS       :    17md2754 (DLC)
LIABILITY LITIGATION                    :
                                        :    MEMORANDUM OPINION
This document relates to the following  :        AND ORDER
action: 18cv4057.                       :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

The product liability lawsuits associated with the brand name drug Eliquis pending in federal court have been assigned to this Court pursuant to an MDL.  Each of these lawsuits has been dismissed on preemption grounds or for failure to state a claim.  This action, filed in California state court, is no exception.

Two previous Opinions addressed Eliquis product liability claims -- Utts v. Bristol-Myers Squibb Co. & Pfizer Inc., 226 F. Supp. 3d 166 (2016) ("Utts I"), and Utts v. Bristol-Myers Squibb Co. & Pfizer Inc., 251 F. Supp. 3d 644 (S.D.N.Y. 2017) ("Utts II") -- and explained the principles of preemption that govern state law failure to warn and design defect claims against brand name drug manufacturers.  The Utts Opinions further addressed whether the Eliquis complaints at issue satisfied the pleading standards of Rules 8(a) and 9(b), Fed. R. Civ. P.  On May 9, 2017, the Court issued a scheduling Order providing that "any future action transferred or reassigned to this Court shall have fourteen days following arrival on this Court's docket to file

an amended complaint and show cause in a memorandum no longer than 20 pages why the amended complaint should not be dismissed based on the analysis in the May 8 Utts Opinion."

On July 26, 2017, the Court issued its Opinion in Fortner. See Fortner v. Bristol-Myers Squibb Co. & Pfizer, Inc., 17cv1562, 2017 WL 3193928 (S.D.N.Y. July 26, 2017) (DLC) ("Fortner"). In Fortner, the Court dismissed with prejudice a Tennessee plaintiff's complaint, after she was given an opportunity to amend her complaint, pursuant to the preemption analyses in the Utts Opinions. The complaint was also dismissed on independent grounds because the warning in the Eliquis label is adequate as a matter of Tennessee law. Whereas the Utts II analysis of warning adequacy applied California law, the Court in Fortner found that Tennessee law "does not materially differ" from California law with respect to the adequacy of drug warnings and thus "the analysis performed in Utts II to assess the adequacy of the Eliquis label [was] equally applicable". Fortner, 2017 WL 3193928, at *4.

Some of the plaintiffs in the actions transferred to the Court, including the plaintiff in the instant action, seek to remand their lawsuits to state court. The previously filed remand motions were denied and the cases were dismissed with prejudice. See, e.g., Cheung v. Bristol-Myers Squibb Co. et al., 282 F. Supp. 3d 638 (S.D.N.Y. 2017) ("Cheung"). The Cheung

2

Opinion found that remand was not warranted because subject matter jurisdiction existed, based on the diversity of the parties. The Court dismissed all four relevant complaints with prejudice, based on the reasoning in the Utts II Opinion, and in Fortner.

The above-captioned case was filed in California state court on April 13, 2018, removed to federal court, and arrived on this Court's docket on May 7. The plaintiff failed to timely file an amended complaint or show cause why her complaint should not be dismissed based on the analysis in Utts II. Instead, on May 17, the plaintiff filed a motion to remand based on a lack of diversity jurisdiction. Defendants Bristol-Myers Squibb Co. ("BMS") and Pfizer, Inc. ("Pfizer") opposed the motion on May 31. Plaintiff replied on June 6. The plaintiff's motion is denied as to her claims against BMS and Pfizer and her claims against those two defendants are dismissed with prejudice. The claims against St. Mary's Medical Health Center and Dignity Medical Health Centered are severed from this action and the motion to remand is granted as to those claims.

## DISCUSSSION

As an initial matter, unless the remand motion is granted, this case must be dismissed due to the plaintiff's failure to comply with the Court's May 9 scheduling Order. A plaintiff

cannot bypass the requirements this Court has imposed on parties in this MDL.

The plaintiff's motion to remand the action is premised on the California residence of two defendants, St. Mary's Medical Health Center and Dignity Health Medical Center (the "California Defendants"). The complaint engages in group pleading and alleges that all defendants "designed, researched, manufactured, tested, advertised, promoted, marketed, prescribed, provided free samples, recommended, sold and distributed Eliquis, as well as dealt with governmental regulatory bodies." The complaint provides no factual support for most of these assertions against the California Defendants. The complaint identifies the California Defendants as "commercial distributors and disseminators of the drug Eliquis." Moreover, there is no allegation that the California Defendants specifically prescribed Eliquis to the plaintiff, or to any other patient. The plaintiff does not allege that her physicians, who prescribed her the drug, are associated with the California Defendants. BMS and Pfizer request that the Court sever the claims against the California Defendants and deny the motion to remand the claims against BMS and Pfizer.

Rule 21 permits a court to "sever any claim against a party." Fed. R. Civ. P. 21. "The decision whether to grant a severance motion is committed to the sound discretion of the

4

trial court." New York v. Hendrickson Bros., Inc., 840 F.2d 1065, 1082 (2d Cir. 1988). While the Second Circuit has not articulated a precise test for severance, courts in this district generally consider five factors:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

Dickerson v. Novartis Corp., 315 F.R.D. 18, 24-25 (S.D.N.Y. 2016) (citing N. Jersey Media Grp. Inc. v. Fox News Network, LLC, 312 F.R.D. 111, 114 (S.D.N.Y. 2015)). See also Oram v. SoulCycle LLC, 979 F. Supp. 2d 498, 502-03 (S.D.N.Y. 2013) (listing and applying the same factors); Erausquin v. Notz, Stucki Mgmt. (Bermuda) Ltd., 806 F. Supp. 2d 712, 720 (S.D.N.Y. 2011) (same). These courts also agree that "[s]everance requires the presence of only one of these conditions, although courts view severance as a procedural device to be employed only in exceptional circumstances." Dickerson, 315 F.R.D. at 25.

This court may rule "on a broad range of preliminary legal and factual questions, including motions . . . to remand to state court." § 3866 Jurisdiction and Power of the Transferee Court, 15 Fed. Prac. & Proc. Juris. (4th ed.). See also In re McDonald's French Fries Litigation, 545 F. Supp. 2d 1356, 1356

(U.S.J.P.M.L. 2008) ("Plaintiffs can present any motion for remand to state court to the transferee judge.").

The California Defendants are essentially nominal defendants in this action: the complaint asserts no independent claim against them and asserts no facts specific to the California Defendants. The plaintiff appears to have duplicated a prior complaint filed against BMS, Pfizer, and McKesson, an authorized Eliquis distributor, and replaced "McKesson" with the California Defendants. Indeed, remnants of that copied complaint remain. There are some paragraphs that contain allegations against McKesson, not named as a defendant in plaintiff's complaint, and not the California Defendants.

As is clear from the Utts Opinions, the lawsuits filed against BMS and Pfizer arise from their alleged failures in the design of Eliquis and the labeling under which Eliquis is distributed. These lawsuits uniformly argued that the label failed to adequately warn of a risk of excessive bleeding, and the plaintiff's complaint is no exception. There is no suggestion that either of the California Defendants had any role in the manufacturing of Eliquis or the design of its label. This plaintiff has added the California Defendants as defendants to this action to destroy diversity and prevent her claims against BMS and Pfizer from proceeding through the MDL and being dismissed.

The plaintiff articulates no compelling argument against severance of the California Defendants. She argues, incorrectly, that the California Defendants are "indispensable parties . . . because a judgment in federal court would prevent plaintiff from pursuing her claim against them elsewhere." If the California Defendants are severed from the action before this Court, plaintiff is free to pursue her claims against them in California state court. As recited in Utts II, however, it does not appear to this Court that California law favors the plaintiff's claims. Utts II, 251 F. Supp. 3d at 673-74 (finding that, "[n]ot only are the plaintiff's failure to warn claims preempted [by federal law]," the claims must be dismissed because they "fail[] to state a claim under California law").

CONCLUSION

For the forgoing reasons, it is hereby

ORDERED that any claims against St. Mary's Medical Center and Dignity Health Medical Center are severed from this action. The remaining defendants in this action are Bristol-Meyers Squibb Co. and Pfizer, Inc.

IT IS FURTHER ORDERED that the plaintiff's May 17 motion to remand this action is granted in part. The claims against St. Mary's Medical Center and Dignity Health Medical Center are

7

remanded to the Superior Court of California for the County of San Francisco.

IT IS FURTHER ORDERED that claims asserted against defendants Bristol-Meyers Squibb Co. and Pfizer, Inc. are dismissed with prejudice.

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment for defendants Bristol-Meyers Squibb Company and Pfizer, Inc. and close the above-captioned case.

Dated:    New York, New York
          June 14, 2018

```
            _____
                    DENISE COTE
            United States District Judge
```