USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/28/18

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
IN RE ELIQUIS (APIXABAN) PRODUCTS       :    17md2754 (DLC)
LIABILITY LITIGATION                    :
                                        :         ORDER
This document relates to the following  :
actions: 18cv3368, 18cv3376.            :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

Two previous Opinions addressed Eliquis product liability claims -- Utts v. Bristol-Myers Squibb Co. & Pfizer Inc., 2016 WL 7429449 (S.D.N.Y. Dec. 23, 2016) ("Utts I"), and Utts v. Bristol-Myers Squibb Co. & Pfizer Inc., 2017 WL 1906875 (S.D.N.Y. May 8, 2017) ("Utts II") -- and explained the principles of preemption that govern state law failure to warn and design defect claims against brand name drug manufacturers. The Utts Opinions further addressed whether the Eliquis complaints at issue satisfied the pleading standards of Rules 8(a) and 9(b), Fed. R. Civ. P.

On May 9, 2017, the Court issued a scheduling order providing that "any future action transferred or reassigned to this Court shall have fourteen days following arrival on this Court's docket to file an amended complaint and show cause in a memorandum no longer than 20 pages why the amended complaint should not be dismissed based on the analysis in the May 8 Utts Opinion."

In an October 12 Opinion, the Court denied remand motions in four cases and dismissed the cases with prejudice.  See Cheung v. Bristol-Myers Squibb Co. et al., 282 F. Supp. 3d 638 (S.D.N.Y. 2017) ("Cheung").  The Opinion found that remand was not warranted because subject matter jurisdiction existed, based on the diversity of the parties.  The Court also dismissed all four complaints with prejudice, based on the reasoning in the Utts Opinion, and in Fortner v. Bristol-Meyers Squibb Co., 17cv1562 (DLC), 2017 WL 3193928 (S.D.N.Y. July 26, 2017)("Fortner").

The above-captioned cases arrived on this Court's docket on April 18.  The cases were initially filed in Delaware Superior Court on November 7, 2017.  Each case was then promptly removed to the District of Delaware.  Plaintiffs filed motions to remand back to Delaware Superior Court.  The cases were transferred to this Court before the District of Delaware ruled on those remand motions.

As explained in Cheung, the above-captioned cases were properly removed to federal court because subject-matter jurisdiction exists.  The plaintiffs have failed to timely file an amended complaint or show cause why their complaints should not be dismissed based on the analysis in the May 8 Utts Opinion.  Accordingly, it is hereby

ORDERED that the motions to remand in the above-captioned cases are denied.

IT IS FURTHER ORDERED that the above-captioned cases are dismissed with prejudice.

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment for the defendants and close the above-captioned cases.

Dated:   New York, New York
         September 28, 2018

                                               DENISE COTE
                               United States District Judge

3